**Sultan AHMED, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 06–60018

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 7, 2007.

Jonathan H. Lamb, Mary Nicole Morrison, Morrison Law Firm, Houston, TX, for Petitioner.

---

Thomas Ward Hussey, Director, Linda Susan Wendtland, Robert N. Markle, Norah Ascoli Schwarz, John Clifford Cunningham, John S. Hogan, Shelley R. Goad, U.S. Department of Justice, Office of Immigration Litigation, Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, Trey Lund, U.S. Immigration and Customs, Enforcement Field Office Director, New Orleans, LA, Sharon A. Hudson, U.S. Citizenship & Immigration Services, Houston, TX, for Respondent.

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM: *

Sultan Ahmed petitions for review of an order of the Board of Immigration Appeals (BIA) that denied his motion to reopen removal proceedings. Ahmed's motion to reopen was based on his marriage to a United States citizen and the filing of an alien relative petition on his behalf. Ahmed argues that the BIA abused its discretion by declining to find that the marriage was entered in good faith.

The BIA considered Ahmed's evidence of a good faith marriage. However, the BIA concluded that the evidence was not "clear and convincing" as was necessary to overcome the presumption of bad faith that adheres to a marriage entered into during removal proceedings. *See* 8 U.S.C. § 1255(e); *In re: Velarde–Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002). The BIA's decision was not an abuse of discretion because it was "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir.2005) (quotation marks and citation omitted). The petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.